## THE DALE MANUFACTURING COMPANY v. OLIVER D. GRANT ET AL.

1. The declaration alleged that the plaintiffs were in possession of certain rooms in a mill, and that they took their power from the main shaft in said mill, by means of a certain pulley and belt, and that the defendants cut said belt and pulley and thereby stopped the machinery in said rooms ; *held*—that on demurrer it must be inferred that the pulley and belt were in the possession of the plaintiffs, and that the injury done by the defendants as to them, thus being willful and immediate, the action should have been trespass, and not case.

2. The declaration alleging further, that besides the said cutting of the pulley and belt, the defendants at other times entered upon said mill premises and expelled the employés of the plaintiff, &c. ; *held*—that the demurrer to the declaration must be sustained, even if the cutting of the belt and pulley was, as it regarded the plaintiffs, a consequential injury, on the ground that there appeared on the record a misjoinder of causes of action.

---

The declaration in this case stated that on August 1st, 1863, the New Jersey Locomotive and Machine Company were in possession of a mill, and water power, which drove the main shaft in said mill; that for a certain rent said company demised and let to Thomas N. Dale and others, the two upper rooms in the said mill, together with the motive

Dale Manufacturing Co. v. Grant et al.

power to be taken from the said main shaft, and used in the said rooms of a certain designated quantity; also, a building or shed on said premises, containing a steam boiler; that said Thomas N. Dale and his associates took possession of said premises, "and were furnished with and did take the motive power so demised to them as aforesaid from the said main shaft, by means of a pulley constructed and affixed thereto, and a strap running on said pulley and thence into said rooms demised," &c.; "that the said Thomas N. Dale and his associates became incorporated under the name of the Dale Manufacturing Company, and transferred to said new company their said manufacturing business and the possession of the said demised premises and water power; that afterwards, on, &c., while the said, The Dale Manufacturing Company, the plaintiff, was lawfully possessed of the said demised premises, the defendants unlawfully interfered with the transmission of the said water power, &c., sometimes by removing from the said pulley on the main shaft the said strap, by means of which the said power was transmitted; at other times by cutting the said strap; at other times by loosening the said pulley from its attachment to said main shaft, and at other times by injuring the same in such a manner that it could not be used for the purpose of transmitting the said power—by means whereof the said manufacturing business of the plaintiff was interrupted," &c.

The declaration further continues, "and although the plaintiff, during the said period last before mentioned, when its business of manufacture was thus unlawfully interrupted by the defendants as aforesaid, did attempt, in lieu of said water power, to use a steam engine on the said demised premises, supplied with steam from the said boiler before mentioned, as it lawfully might, yet the said defendants frequently hindered and prevented the plaintiff from using the said steam engine, by unlawfully putting out the fire under said boiler and driving and excluding the employés and hands of the plaintiff therefrom, and at other times by cut-

ting and disabling the steam pipe by which the steam was conveyed from said boiler to the said engine," &c.

There was a general demurred filed.

Argued before the CHIEF JUSTICE, and WOODHULL and VAN SYCKEL, Justices.

For plaintiff, *Bradley.*

Contra, *Williamson.*

BEASLEY, CHIEF JUSTICE. It is objected to this declaration that it discloses a state of facts which will support an action of trespass, but not one in case.

It appears that the New Jersey Locomotive and Machine Company was the possessor of a mill, in which the water power was so applied as to drive a main shaft, from which the power was transmitted to various parts of the building, and that the plaintiff, the Dale Manufacturing Company, was in lawful possession of two rooms in said manufactory, and of the requisite power, by means of a pulley attached to said main shaft and a strap running from said pulley. One ground of action is, that the defendants, at various times, cut and otherwise injured this strap and pulley, and thereby interrupted the transmission of power.

From this statement it will be observed that the point as to the appropriate form of action is a nice one. If the pulley and strap were the property of the New Jersey Locomotive and Machine Company, and were in its possession, the injury to such property would be immediate and direct as to it, and, consequently, mediate and consequential as to the plaintiff. In such a state of affairs, the remedy would be case, and not trespass. But assuming the reverse, and considering the title and possession of this strap and pulley in the plaintiff, the result would be immediate injury as to it, the redress of which would call for an action of trespass. The rule is purely technical, but it avoids much confusion to

keep as clearly marked as practicable the line of distinction between these actions. The language of the authorities is, that it is clear that where the injury which forms the gist of the action is both willful and immediate, trespass is the only remedy. *Savignac* v. *Roome*, 6 *Term R.* 125 ; *Day* v. *Edwards*, 5 *Term R.* 648 ; *Weston* v. *Woodcock*, 7 *Dowl.* 853 ; *Notes to Scott* v. *Shepherd*, 1 *Smith's Lead. Cas.* 217.

Now, it is obvious in the present case that the cutting of the strap and pulley, whereby the plaintiff lost the power for the time which drove its manufactory, constitutes the gist of this action, and that, if the plaintiff was in possession of such strap and pulley, the injury was willful and immediate. But upon this record, this point of ownership and possession is left in some obscurity. The demise is stated to have been of " the two upper rooms in the said mill, together with motive power to be taken from the said main shaft, and used in said rooms," &c. And it is subsequently averred that the lessees " were furnished with and did take the motive power so demised to them as aforesaid from the said main shaft, by means of a pulley constructed and affixed thereto, and a strap running on said pulley, and thence into the said rooms demised," &c. From these statements it is certainly not very clear whether the lessors or lessees put up this strap and pulley, or who, at the time of the trespass, was, in contemplation of law, in possession of them. The fair, and perhaps the legal, inference would be, that they were the property of the lessees, and were, therefore, in the possession of the plaintiff. This deduction would seem legitimate, because there is not shown any obligation on the part of the lessors to do anything more than provide the power ; the duty to make the connection would appear to be imposed upon the lessees. Besides, the plaintiff is bound, upon general principles, to state all the facts necessary to support the action, and the averments are to be taken most strongly against the party making them. This is the ordinary rule, and, tested by it, this action should have been trespass, and not case. But even if a different view might be taken on this branch of the

case, I think, on another ground, the demurrer must be sustained. After the statement of the wrongful acts of the defendants already discussed, the declaration proceeds to aver that, being thus deprived of water power, the plaintiff substituted that derived from a steam engine, and that the defendants frequently prevented and hindered the use of such steam power by putting out the fire under the boiler, and driving and excluding the plaintiff's employés therefrom. These are acts which it is clear can form a foundation for an action of trespass *vi et armis* only. They were all subsequent to the doing of the other wrongs, and are in no way connected with them. If, therefore, the conclusion were, that the injury to the pulley and strap would support an action on the case, it would follow that the demurrer must be sustained, on the ground that trespass and case cannot be joined in the same action.

The demurrer is sustained.

WOODHULL and VAN SYCKEL, Justices, concurred.